**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

|  |  |  |
|---|---|---|
| WEENS SIMON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:22-cv-03460-DCN |
| vs. | ) | |
| | ) | **ORDER** |
| BAKER MOTOR COMPANY OF | ) | |
| CHARLESTON, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on defendant Baker Motor Company of Charleston, Inc.'s ("Baker Motor") motion to dismiss plaintiff Weens Simon's ("Simon") first, third, fourth, and fifth causes of action, ECF No. 6. For the reasons set forth below, the court grants the motion.

## I.  BACKGROUND

Baker Motor is South Carolina corporation that owns and operates approximately nine automobile dealerships that sell both new and used vehicles. In July 2021, Simon saw Baker Motor's online advertisement for a used 2016 BMW i8 (the "Vehicle"). The advertisement stated that a safety inspection of the Vehicle had been completed by a certified technician. Simon did not physically inspect the Vehicle prior to purchasing it, but he received a CarFax report from Baker Motor stating that the Vehicle had been in no prior major accidents. Simon purchased the Vehicle on or around July 14, 2021. As part of the transaction, Baker Motor provided Simon with a temporary registration for the

1

Vehicle and allegedly promised to take all steps necessary to register the Vehicle in

Simon's[1] home state of Connecticut.

Simon alleges that the Vehicle broke down less than a month after the purchase,

prompting Simon to pay for substantial repairs—including for damages that he alleges

were discovered to be longstanding issues.  Two weeks after the first repairs were

completed, the Vehicle broke down again.  This time, Simon took the Vehicle to a local

BMW dealership for service.  The BMW service technician identified numerous issues

with the Vehicle, including the fact that: the muffler in the vehicle was not the factory-

provided muffler and was installed incorrectly, the serial number of the engine did not

correspond with the Vehicle's VIN, the Vehicle's brake lines were severely damaged,

and other issues.  Simon demanded that Baker Motor either repair the defects or buy back

the Vehicle from Simon.  Baker Motor refused to do either.  Simon later discovered that

the Vehicle would be unable to pass either an emissions test or inspection necessary to be

registered in Connecticut, which Baker Motor had promised to do.  According to Simon,

Baker Motor continued to mislead Simon about the registration process and still had not

registered the Vehicle more than one year after the purchase date.

On August 30, 2022, Simon filed a complaint in the Charleston County Court of

Common Pleas.  The complaint alleges seven causes of action: (1) revocation of

acceptance; (2) negligence; (3) fraud; (4) violation of the Motor Vehicle Dealers Act,

S.C. Code Ann. § 56-15-10, et seq.; (5) violation of the South Carolina Unfair Trade

---

[1] The complaint alleges that the temporary registration and permanent registration
were for "Defendant's home state of Connecticut," Compl. ¶ 22, but the court assumes
that the complaint meant to say Simon's home state of Connecticut.  Simon is a citizen
and resident of Connecticut, whereas Baker Motor is a South Carolina corporation with
its principal place of business in South Carolina.  Id. ¶¶ 1–2.

Practices Act; (6) breach of contract; and (7) quantum meruit.  ECF No. 1-1, Compl.  On

October 6, 2022, Baker Motor removed the action to this court.  ECF No. 1.  On October

13, 2022, Baker Motor filed a motion to dismiss for failure to state a claim.  ECF No. 6.

Simon responded in opposition on April 17, 2023, ECF No. 23, and Baker Motor replied

on April 24, 2023, ECF No. 24.  As such, the motion has been fully briefed and is now

ripe for review.

## II.  STANDARD

A Rule 12(b)(6) motion for failure to state a claim upon which relief can be

granted "challenges the legal sufficiency of a complaint."  Francis v. Giacomelli, 588

F.3d 186, 192 (4th Cir. 2009) (citations omitted); see also Republican Party of N.C. v.

Martin, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule

12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the

applicability of defenses.").  To be legally sufficient, a pleading must contain a "short and

plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P.

8(a)(2).  A Rule 12(b)(6) motion should not be granted unless it appears certain that the

plaintiff can prove no set of facts that would support his claim and would entitle him to

relief.  Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993).  When

considering a Rule 12(b)(6) motion, the court should accept all well-pleaded allegations

as true and should view the complaint in a light most favorable to the plaintiff.

Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir. 1999); Mylan Labs., 7 F.3d at 1134.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v.

Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544,

570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged."  Id.

### III.   DISCUSSION

Baker Motor moves for the dismissal of the first, third, fourth, and fifth causes of

action in the complaint.  Simon does not challenge the motion except as to the third cause

of action.  ECF No. 23 at 2.  A dismissal based on a party's failure to respond to a motion

to dismiss—considered a failure to prosecute—is typically without prejudice.  See

Greene v. First Guar. Mortg. Corp., 2010 WL 11579368, at *1 (W.D. Va. Aug. 5, 2010)

(dismissing claims against certain defendants without prejudice due to the plaintiff's

failure to respond to the defendants' motions to dismiss); Hodge v. United Airlines, 534

F. Supp. 2d 13, 16 (D.D.C. 2008) (explaining that where dismissal is based on a

plaintiff's failure to respond to a motion to dismiss and not based on the merits of the

plaintiff's claims, the dismissal "shall operate without prejudice").  Consequently, the

court dismisses Simon's first, fourth, and fifth causes of action without prejudice and

must only evaluate whether his fraud claim survives Baker Motor's motion to dismiss.

"Fraud is an intentional perversion of truth for the purpose of inducing another in

reliance upon it to part with some valuable thing belonging to her or to surrender a legal

right."  Moseley v. All Things Possible, Inc., 694 S.E.2d 43, 45 (S.C. Ct. App. 2010)

(quoting Regions Bank v. Schmauch, 582 S.E.2d 432, 444 (S.C. Ct. App. 2003)).  To

prevail on a cause of action for fraud, a plaintiff must prove each of the following

elements "by clear, cogent, and convincing evidence":

> (1) a representation; (2) its falsity; (3) its materiality; (4) either knowledge
> of its falsity or a reckless disregard of its truth or falsity; (5) intent that the

> representation be acted upon; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximate injury.

Schmauch, 582 S.E.2d at 444–45.  "The failure to prove any element of fraud . . . is fatal to the claim."  Schnellmann v. Roettger, 645 S.E.2d 239, 241 (S.C. 2007) (per curiam).

Although this claim arises under state law and was pled in state court, fraud claims are subjected to heightened pleading requirements in federal court, particularly when affirmative misrepresentations are alleged.  Under Federal Rule of Civil Procedure 9(b), a party alleging fraud "must state with particularity the circumstances constituting fraud or mistake."[2]  In interpreting Rule 9(b), courts have found "that a plaintiff alleging fraud must make particular allegations of the time, place, speaker, and contents of the allegedly false acts or statements."  Mincey v. World Savings Bank, FSB, 614 F. Supp. 2d 610, 626 (D.S.C. 2008) (quoting Adams v. NVR Homes, Inc., 193 F.R.D. 243, 249–50 (D. Md. 2000)).  "A complaint failing to specifically allege the time, place, and nature of the fraud is subject to dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."  Id.  But "a court should hesitate to dismiss a complaint under Rule 9(b) if the court is satisfied: '(1) that the defendant has been made aware of the particular circumstances for which [it] will have to prepare a defense at trial, and (2) that [the] plaintiff has substantial prediscovery evidence of those facts.'"  Id. (quoting Adams, 193 F.R.D. at 250).

Simon's complaint appears to allege that there were two categories of false statements made: one regarding the condition of the vehicle and one regarding Baker

---

[2] Likewise, South Carolina Rule of Civil Procedure 9(b) states that for fraud claims, "the circumstances constituting fraud or mistake shall be stated with particularity."  S.C. R. Civ. P. 9(b) (emphasis added).

Motor's ability to register the Vehicle in Connecticut.  Baker Motor argues that for both

categories, the complaint fails to plead facts that state a fraud claim under both the

Twombly pleading standard for Rule 12(b)(6) and the heightened pleading standard for

fraud claims under Rule 9(b).  The court addresses each category of claims separately,

and it ultimately finds that the complaint fails to allege a fraudulent statement in both

instances by failing to meet the heightened standard under Rule 9(b).

### A.  Vehicle Condition Statement

First, Baker Motor contends that Simon fails to plead a false representation

regarding the condition of the Vehicle and therefore fails to satisfy the first two elements

of a fraud claim.  According to the complaint, Baker Motor's advertisement stated that a

safety inspection had been conducted on the Vehicle, and the CarFax report indicated the

Vehicle had not been involved in a major accident.  As Baker Motor argues, Simon "has

not alleged either representation to be false."  ECF No. 6 at 7.

Baker Motor only briefly touches on the issue, but as a preliminary matter, the

complaint only alleges that Baker Motor "provided" the CarFax report to Simon.  Compl.

¶ 7.  It does not allege that Baker Motor contributed to the report or otherwise adopted it

or represented it to be true.  Based on some prior court decisions, the CarFax statement is

not actionable because it cannot be attributed to Baker Motor for purposes of determining

whether there was fraud.  See Flagstar Bank, FSB v. First Citizens Bank & Trust Co.,

Inc., 2009 WL 1707941, at *5 (D.S.C. June 17, 2009) (dismissing a fraud claim under

South Carolina law for failure "to allege any facts which would suggest a plausible basis

for attributing the alleged false statements to [the defendant] as the speaker, as opposed to

an entity which passed on the statements of others without knowledge of their falsity" but holding that the same facts could support a negligent misrepresentation claim).

Even if the court considered both the advertisement[3] and the CarFax report as statements for purposes of the fraud analysis, Simon does not allege fraud with adequate particularity. The complaint alleges that false statements were made about the safety inspection and prior accident history but then immediately proceeds to describe several defects that were discovered while it was being repaired or serviced. Compl. ¶¶ 9–12. Either Simon wishes to imply that in addition to the claim about the safety inspection, the advertisement also represented that the car was in good condition, or Simon asks the court to make the logical leap that the defects should have been discovered in a safety inspection or could have only been caused by a major accident. Either conclusion is a bridge too far. Although the court must view the facts in the light most favorable to Simon, this section of the complaint fails to plead facts showing that the statements in the advertisement were actually false.

In his response, Simon appears to adopt the former position of arguing that the advertisement contained false statements about the condition of the Vehicle.

_____

[3] Baker Motor also argues in its reply that an advertisement is "a mere invitation to the public" to contact the seller, and therefore cannot "contain factual representations." ECF No. 24 at 3 (quoting Trotter v. State Farm Mut. Auto. Ins. Co., 377 S.E.2d 343, 347 (S.C. Ct. App. 1988)). Simon did not have the opportunity to respond to the argument, and in any case, the court has found no per se rule stating that advertisements cannot form the basis of a fraud claim. See Aldana v. RJ Reynolds Tobacco Co., 2007 WL 3020497, at *7 (D.S.C. Oct. 12, 2007) (recognizing the plaintiff's state-law fraud claim premised on a tobacco company's allegedly false representation in a newspaper advertisement); cf. McLeod v. Sandoz, Inc., 2017 WL 1196801, at *7 (D.S.C. Mar. 31, 2017) (concluding that the plaintiffs' off-label drug marketing claim was not preempted by FDA law because South Carolina common law independently recognizes a fraud claim premised on deceit in advertising and marketing).

Specifically, Simon argues that the complaint sufficiently pleads a false representation about the "identity of the Vehicle offered for sale." ECF No. 23 at 3. Simon also claims to have alleged that the advertisement "specifically set forth the description and details of the Vehicle offered for sale." Id. But Simon's argument is unsupported by the text of the complaint.[4] Despite claiming that a copy of the advertisement is attached and incorporated into the complaint, no such attachment can be found. Therefore, the only actionable statement in the advertisement, based on the complaint, is that an inspection had been conducted. There are no other allegations in the complaint about the condition of the Vehicle, such as whether it had all its original parts, etc. In other words, the complaint does not specifically identify any false statements about the Vehicle's condition in the advertisement and instead generally alleges that there were defects in the car. Those issues cannot be reconciled. Like the court determined in Flagstar Bank, general allegations about defects which are not tethered to a false statement could be proper grounds for a breach of contract, breach of warranty, or even a negligent misrepresentation claim, but they are not enough to plead fraud under the heightened pleading standard. 2009 WL 1707941, at *5.

That said, the complaint does later allege that Baker Motor "never performed an emissions test or arranged for an inspection of the Vehicle" prior to transfer. Compl. ¶ 26 (emphasis added). The latter part of the allegation would appear to reflect a false statement after the Baker Motor advertisement allegedly stated that a safety inspection of

---

[4] Baker Motor frames this issue as Simon's attempt to impermissibly amend the complaint by claiming the advertisement provided a false description of the Vehicle. ECF No. 24 at 3 n.3. Since the court dismisses the claim without prejudice, it need not decide whether there was an attempt to substantively amend the complaint.

the Vehicle had been completed by a certified technician.  Id. ¶ 4.  In responding to this

point, Baker Motor argues that the allegation about the lack of an inspection was made

with respect to the inspection that Simon alleges was required for registration in

Connecticut—not a general safety inspection—because the allegation appears in the

section of the complaint referring to the false statement about vehicle registration.  ECF

No. 6 at 8.

Baker Motor may be right, but the court need not resolve this issue to dismiss the

claim.  Again, it does not appear that Simon attached the advertisement for incorporation

into the complaint, and there are no allegations about the "time" or "place"; i.e., when the

advertisement published the fact that an inspection had been performed and in what

forum(s).  Therefore, even if Simon had alleged facts that allow the court to draw the

reasonable inference that Baker Motor is liable for fraud under Rule 12(b)(6), the

allegation about the promise of an inspection that was never fulfilled still does not meet

the heightened pleading standard of Rule 9(b).  The court therefore grants the motion to

dismiss Simon's fraud claim relating to the condition of the Vehicle without prejudice.[5]

### B.  State Registration Statement

Next, the complaint alleges that Baker Motor made false representations about

registering the Vehicle with the State of Connecticut.  Specifically, the complaint alleges

---

[5] Baker Motor similarly disputes whether Simon has established the other
elements of fraud, such as materiality and the defendant's knowledge of falsity.  For
example, Baker Motor argues that Simon merely asserts that the alleged
misrepresentations about the Vehicle were material because Simon had been actively
searching the country for a vehicle of this make and model.  ECF No. 24 at 5; see also
ECF No. 23 at 3.  Baker Motor also contends that Simon merely "argues in a conclusory
fashion" that the remaining elements are satisfied.  ECF No. 24 at 5.  Since the court
denies the motion on Rule 9(b) grounds, it is unnecessary to analyze whether Simon's
allegations are sufficient to meet the remaining elements of fraud.

that Baker Motor "provided [Simon] with temporary registration for the Vehicle and promised to take all steps necessary to register the Vehicle in [Simon's] home state of Connecticut."  Compl. ¶ 22.  The complaint further alleges that after the temporary registration expired, Simon asked why the Vehicle had had not yet been registered, and Baker Motor "told [Simon] it was due to backlogs at the Connecticut DMV."  Id. ¶ 23.  Finally, the complaint alleges that Baker Motor "deliberately misle[d  Simon]" by stating that "it was taking all steps necessary to register the Vehicle in Connecticut."  Id. ¶ 27.

Baker Motor argues that for multiple reasons, the alleged statements are not false representations of fact.  It avers that the statements in question are, "at worst," promises or a form of puffery and "at best" are statements about "a legal and regulatory matter" that Baker Motor had no ultimate control over.  ECF No. 24 at 4.  The court partially agrees.  The first allegation about Baker Motor's promise to register the Vehicle in Connecticut is indeed nonactionable.  "[A] mere showing that a party has failed to keep his promises 'is not sufficient to demonstrate actionable fraud.'"  Tom Hughes Marine, Inc. v. Am. Honda Motor Co., Inc., 219 F.3d 321, 324 (4th Cir. 2000) (quoting Woodward v. Todd, 240 S.E.2d 641, 643 (S.C. 1978)).  But the complaint further alleges that after the purchase, Baker Motor continued to falsely state that it was taking all necessary steps to register the Vehicle.  Viewed in the light most favorable to Simon, the complaint thus alleges a false representation regarding something more than a mere promise.  For the same reason, it is likely Simon sufficiently alleges that Baker Motor made more than mere a false statement of law because Baker Motor also allegedly made statements about the actions it was taking.

10

The bigger issue for Simon is that the allegations again fail to meet the heightened pleading standard of Rule 9(b).  There are only general allegations about the statements that Baker Motor made, and the allegations fail to state with particularity the circumstances constituting fraud.  For example, Simon does not identify when, where, and in what manner each of the representations were made, nor does he identify the employee who made the statements.  Each failure justifies dismissal of the claim under Rule 9(b).  See Creaturo v. Wells Fargo Bank NA, 2012 WL 13005318, at *5 (D.S.C. Apr. 30, 2012) (dismissing fraud claim that failed to allege the time, location, or manner in which the representations were made and did not identify the employee who made the representation); PNC Bank, Nat'l Ass'n v. Crab Pot, LLC, 2013 WL 12155646, at *2 (D.S.C. Feb. 4, 2013) (granting a motion to dismiss the counter-plaintiff's fraud claims under Rule 9(b) where the counterclaim only alleged generalized statements made by the counter-defendant about its ability to obtain a loan modification).  Based on the complaint's failure to plead fraud with particularity, the court grants Baker Motor's motion to dismiss Simon's claim about the allegedly fraudulent statements made regarding registration in Connecticut.  Altogether, the complaint does not sufficiently set forth a fraud claim, and the court grants the motion to dismiss the third cause of action without prejudice.

## IV.   CONCLUSION

For the reasons set forth above, the court **GRANTS** the motion to dismiss and dismisses the first, third, fourth, and fifth causes of action without prejudice.

11

**AND IT IS SO ORDERED.**

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**June 13, 2023**
**Charleston, South Carolina**